**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**THE BURLINGTON INSURANCE COMPANY**                                   **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 2:07cv127KS-MTP**

**BAL ENTERPRISES, LLC D/B/A COYOTES,
JULIA LAUDENSLAGER, PAMELA CAMERON,
DAVID CAMERON, SR., CRYSTAL CAMERON, AND
JOHN DOES 1-5**                                                                **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on two Motions to Remand **[#s 16 &17]** filed as a part of their Answers by the defendants.  The court, having reviewed the motions, the responses, the pleadings and exhibits on file, and being otherwise fully advised in the premises finds that the motions are not well taken and should be denied.  The court specifically finds as follows:

The plaintiff, Burlington Insurance Company ("Burlington"), filed this insurance coverage action seeking a declaration that it has neither a duty to defend nor indemnify any party in connection with a state court lawsuit styled *Pamela Cameron, et al. v. BAL Enterprises, LLC, et al.*; Case No. CI05-0194; In the Circuit Court of Forrest County, Mississippi.  In response to Burlington's Complaint for Declaratory Judgment, Defendants Laudenslager and BAL each filed a self-styled "Motion to Remand" as a part of their answers to the Complaint, through which they ask this court to "remand"

this action to the Circuit Court of Forrest County, Mississippi.  However, this action is an original filing in this court, not a removal.  The court will thus address the motions as ones seeking dismissal.

As grounds for their motions, Laudenslager and BAL assert that (1) the amount in controversy in this action does not exceed $75,000 and (2) diversity of citizenship has been destroyed by the filing of their third-party complaints against their insurance agent, Anderson, Walker & Coker ("AWC"), which they assert to be a Mississippi company,

Defendants Pamela Cameron, David Cameron, Sr., and Crystal Cameron (collectively "Claimants") filed the underlying action asserting wrongful death claims against BAL and Laudenslager arising from the death of David Cameron, Jr.  More particularly, the claimants assert that Dustin Irwin ("Irwin") was a customer at "Coyotes," where despite his visible intoxication, BAL's employees or agents served him more than one drink.  The claimants allege that Irwin left the bar while intoxicated with David Cameron, Jr. and later struck him with a car, resulting in David Cameron, Jr.'s death.  The claimants allege David Cameron, Jr.'s death was proximately caused by BAL's and Laundenslager's negligence, and they seek to recover $1,000,000, together with interest as allowed by law and all costs of court in the underlying action.

Burlington issued a commercial general liability policy (the "Policy") to BAL Enterprises d/b/a Coyotes with effective dates of March 12, 2005 to March 12, 2006 and with limits of liability of $1,000,000.  The Policy provides coverage for certain "occurrences" at the covered location.  Under the terms of the Policy, Burlington agreed to pay "those sums that the insured becomes legally obligated to pay as damages

because of 'bodily injury' . . . to which this insurance applies." The Policy further provides that Burlington will have a "duty to defend" actions seeking such damages from the insured.

In this action, Burlington seeks a ruling that it does not owe any of the defendants in this action a duty of defense or indemnity with respect to the underlying action. Among other things, Burlington bases its claim for relief on the grounds that the operative pleading in the underlying action does not allege an "occurrence" within the meaning of the Policy and that the Policy's "Liquor Liability Exclusion" and "Aircraft, Auto or Watercraft Exclusion" further preclude coverage.

Burlington contends jurisdiction is proper in this court under 28 U.S.C. § 1332(a)(1) because Burlington and the defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs. In their Motions to Remand, Laudenslager and BAL assert this Court lacks jurisdiction over this matter because (1) the amount in controversy is not in excess of $75,000 and (2) the addition of AWC as a third-party defendant destroys diversity.

"[T]he amount in controversy in an action for declaratory judgment is 'the value of the right to be protected or the extent of the injury to be prevented.'" *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). In insurance coverage actions, this value is determined by examining the insurer's "potential liability under the policy," including "potential attorneys' fees, penalties, statutory damages, and punitive damages." *Id*. The cost of providing a defense to the insured under the terms of the policy at issue is also included in this calculation. *Lathem v. State Farm Mut. Auto Ins.*

3

*Co.*, 339 F. Supp. 2d 767, 771 (S.D. Miss. 2004) (policy limits and potential attorneys' fees are considered in determining amount in controversy for jurisdictional purposes).

In this case, the value of the right that Burlington seeks to protect clearly exceeds $75,000. First, the claimants seek to recover $1,000,000 in the underlying action, together with interest as allowed by law and all costs of court. Second, Burlington's Policy has a limit of liability of $1,000,000. Therefore, if coverage is deemed to exist, Burlington would be faced with potential liability under the Policy of well in excess of $75,000. Considering the Policy's Limits of Liability and the amount sought from BAL and Laudenslager by the claimants in the underlying action, along with Burlington's exposure for defense costs, it is clear that the value of the right Burlington seeks to protect exceeds $75,000. Accordingly, the amount in controversy requirement is satisfied.

In federal court, the citizenship of a third-party defendant is immaterial to a determination of the court's jurisdiction over the original claim. For suits initially filed in federal court, diversity is determined by the facts on the date the complaint is filed. *Grupo v. Atlas Global Group*, 541 U.S. 567, 570 (2004)*; Freeport-McMoRan, Inc., v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991). Adding a non-diverse party to an action in which diversity jurisdiction exists does not defeat jurisdiction. *Freeport-McMoRan*, 498 U.S at 428; *Rogers v. Aetna Cas. & Sur. Co.*, 601 F.2d 840 (5th Cir. 1979) (once jurisdiction is established, district court has jurisdiction over related claims against non-diverse third-party defendant). Accordingly, the addition of AWC is immaterial to a determination of the court's jurisdiction over the claims between the original parties to this case.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motions to Remand **[#s 16 &17]** filed as a part of their Answers by the defendants are Denied.  The parties shall contact the Magistrate Judge within ten (10) days of this order to lift the stay in this matter and to proceed to resolution.

SO ORDERED AND ADJUDGED this the 4th day of December, 2007.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE