**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**


**THE BURLINGTON INSURANCE COMPANY**                                      **PLAINTIFF**


**VERSUS**                                      **CIVIL ACTION NO. 2:07cv127KS-MTP**


**BAL ENTERPRISES, LLC D/B/A COYOTES,
JULIA LAUDENSLAGER, PAMELA CAMERON,
DAVID CAMERON, SR., CRYSTAL CAMERON, AND
JOHN DOES 1-5**                                      **DEFENDANTS**

**VERSUS**

**ANDERSON-WALKER & COKER, LLC a/k/a
NOWELL INSURANCE**                                      **THIRD-PARTY DEFENDANT**


<u>**MEMORANDUM OPINION AND ORDER**</u>

        This matter is before the court on a Motion to Dismiss **[#62]** filed on behalf of

Third-Party Defendant Anderson-Walker & Coker, LLC a/k/a Nowell Insurance (Nowell).

The court, having reviewed the motion, the response, the pleadings and exhibits on file,

and being otherwise fully advised in the premises finds that the motion is well taken and

should be granted.  The court specifically finds as follows:

        The plaintiff, Burlington Insurance Company ("Burlington"), filed this insurance

coverage action seeking a declaration that it has neither a duty to defend nor indemnify

any party in connection with a state court lawsuit styled *Pamela Cameron, et al. v. BAL

Enterprises, LLC, et al.*; Case No. CI05-0194, in the Circuit Court of Forrest County,

Mississippi.  Paula, David, Sr., and Crystal Cameron (hereinafter "Claimants")

commenced that personal injury action against Coyotes and Dustin Irwin.  In their Complaint, the Claimants alleged that the Coyotes and/or its employees negligently served and/or continued to serve alcohol to Dustin Irwin who, after he was clearly intoxicated, left Coyotes and caused an automobile accident, resulting in the death of David Cameron, Jr.

In response to the Complaint, Coyotes requested a defense and indemnity from its insurer, The Burlington Insurance Company (hereinafter "Burlington"), pursuant to a commercial general liability policy issued to Coyotes through agent Nowell.  Burlington is currently providing a defense to Coyotes in the underlying action subject to a full reservation of rights.

On June 19, 2007, Burlington filed its Complaint for Declaratory Judgement against Coyotes in this court, seeking a declaration by the court that Burlington has no duty to defend nor indemnify Coyotes in the underlying state court action.  Burlington alleges that the facts of the underlying action, specifically, that Irwin was served alcoholic beverages and subsequently operated an automobile, striking and killing David Cameron, Jr., do not constitute an "occurrence" falling within one of the policy's "coverage territor[ies]."  Burlington also alleges that there is no coverage for the claims asserted in  the underlying action pursuant to the policy's "Liquor Liability Exclusion and the Aircraft, Auto or Watercraft Exclusion."

On October 19, 2007, Coyotes filed its Amended Answer to Burlington's Complaint for Declaratory Judgment and also its Third-Party Complaint against Nowell. In its Third-Party Complaint, Coyotes alleges that Nowell misrepresented the scope of the insurance policy by "promising to provide insurance to cover dram shop actions and

failing to provide the promised insurance."  Accordingly, Coyotes states that should Declaratory Judgment be granted in favor of Burlington, declaring that Burlington has no duty to defend or indemnify Coyotes in the underlying action, then Coyotes "seeks remuneration from the [Nowell] in an amount equal to their loss in the underlying lawsuit."

Nowell filed its Answers and Defenses to the Third Party Complaint on February 8, 2008.  As its Second Defense, Nowell correctly argues out that "[t]he Third-Party Complaint asserted against [Nowell] is improper and invalid as [Coyotes] is not seeking indemnification for any causes of action asserted against it by . . . Burlington . . . and has actually asserted a separate cause of action against [Nowell].  As a result, the Third-Party Complaint does not conform with Rule 14 of the FEDERAL RULES OF CIVIL PROCEDURE and should be dismissed."  Pursuant to that asserted defense, Nowell has now filed the instant motion to dismiss.

Rule 14 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] defending party, as third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."  Fed. R. Civ. P. 14(a).  Thus, Nowell argues that the clear language of the rule alone establishes the impropriety of Coyotes' Third-Party Complaint filed against Nowell.  According to Nowell, the plaintiff, Burlington, has no claim against Coyotes for which Coyotes may be liable because Burlington has only filed a  declaratory action in order to determine the extent, if any, of coverage afforded to Coyotes under the applicable policy.  Therefore, Nowell asserts that because Burlington has not made a "claim" against Coyotes, but

3

rather, simply filed an action for declaration by this court, Coyotes cannot therefore be found liable to Burlington in the declaratory action. Nowell continues that it necessarily follows that it cannot therefore be found liable to Coyotes "for all or part of [Burlington]'s claim against [Coyotes]," because there is none.

In response, Coyotes first argues that Burlington has indeed made a claim against it for recovery of attorneys' fees and costs associated with the bringing of this declaratory judgment action. Coyotes also presents the rather novel argument that because Burlington has successfully defeated a Motion to Remand (treated as a motion to dismiss) based on the amount in controversy exceeding $75,000.00, that this court has implicitly recognized potential liability of Coyotes to Burlington. In other words, Coyotes contends that this court implicitly recognized, in its Order denying remand, that Coyotes' right to be protected in this case is for the liability of the costs of the defense and the judgment, if any, in the underlying wrongful death case. Further, Coyotes argues that a ruling in favor of Burlington and adverse to Coyotes in this case exposes Coyotes to the risk of liability in the state court case and that it is this risk that Coyotes is attempting to pass on by pursuing its third-party claim against Nowell. This claim is improper in this litigation as hereinafter shown.

The Fifth Circuit has recognized the general principle "that use of the word 'claim' in Rule 14 avoids the narrow concepts of 'cause of action' and employs instead the idea of the claim as a group of operative facts giving occasion for judicial action. See *Dery v. Wyer,* 265 F.2d 804, 807 (2nd Cir. 1959). Cf. *American Fid. & Cas. Co. v. Greyhound Corp.*, 232 F.2d 89, 92 (5th Cir. 1956)." *U.S. v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967). The court has also found that "when the defendant's right against

4

the third party is merely an outgrowth of the same core of facts which determines the plaintiff's claim, impleader is properly used 'to reduce litigation by having one lawsuit do the work of two.' *Falls Indus., Inc. v. Consolidated Chem. Indus., Inc.*, 258 F.2d 277, 283 (5th Cir. 1959)". *Id.*

However, the Fifth Circuit has admonished the courts to be "cognizant of the obverse rule, . . ., that an entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does arise out of the same general set of facts as the main claim. Cf. *Horn v. Daniel*, 315 F.2d 471, 474 (10th Cir. 1962); *Kohn v. Teleprompter Corp.*, 22 F.R.D. 259 (S.D.N.Y. 1958). *Id.* In that vein, that court has held that resolution of the issue of whether the impleader presents a separate claim or not "has been resolved consistently by permitting impleader only in cases where the third party's liability was in some way derivative of the outcome of the main claim." *Id.*

It is patently clear to this court that the claim filed against third-party defendant Nowell by Coyotes is a separate and independent claim from that asserted by Burlington. While the potential liability of Nowell does arise from a nucleus of facts beginning with the original sale of the subject policy by Nowell to Coyotes, the death of Mr. Cameron, the state court lawsuit, and now Burlington's request for a declaration of no coverage and no duty to defend, that is a large universe of facts. This court is convinced that Rule 14 was never meant to allow an amalgamation of such diverse claims as those asserted in this case.

The proof required to show that Burlington is or is not entitled to the relief it has requested is totally foreign to the proof of liability required to find Nowell liable for any

5

breach to Coyotes.  Further, Burlington must receive the relief it has requested in order for any potential liability of Nowell to even arise under the claims asserted by Coyotes against Nowell.  In that regard, Coyotes' claim against Nowell is premature.  Nowell simply cannot be liable for the claims asserted by Burlington against Coyotes.  Instead, Nowell may potentially be liable in the place of Burlington for the claims asserted by the plaintiffs in the state court action based on the allegations of the third-party complaint. Rule 14 cannot be used to bring such claims in an unrelated action.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss **[#62]** filed on behalf of Third-Party Defendant Anderson-Walker & Coker, LLC a/k/a Nowell Insurance is Granted.  A separate judgment as to Nowell will be entered herein in accordance with Rule 54, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 17th day of June, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE